Mildred Pack, Appellee, v. A. J. Sporleder et al., Appellants.

Gen. No. 9,477.

Heard in this court at the October term, 1945. ▮▮▮▮ Opinion filed December 4, 1945. Released for publication February 5, 1946.

Murphy & Murphy, of Rock Island, for appellants.

S. S. DuHamel and Barber & Barber, all of Springfield, for appellee.

MR. JUSTICE WHEAT delivered the opinion of the court.

This suit arises out of a petition for writ of mandamus to compel the re-employment of a school teacher by a school board. The circuit court granted the petition and the board appeals.

On October 17, 1944, petitioner appellee filed her petition for a writ of mandamus against the Board of School Directors of District No. 175 of Sangamon County, Illinois, to compel such board to renew her contract of employment and for compensation for the interim months of unemployment. Her petition, among other things, alleges that on August 27, 1943, and for more than two years prior thereto, she had been employed by such board as a teacher in such district; that on such date she entered into a written contract with such board for employment as a teacher for a term of eight months beginning September 1, 1943, at a salary of $140 per month; that on April 21, 1944, such board served upon her a written notice not to re-employ for the following school year; that the reasons set forth in such notice were void because no cause for dismissal, specified in clause 3 of par. 123 of ch. 122, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 123.130], is stated in such notice, and void for the further reason that such notice fails to specify any provision in such contract as cause for dismissal, and for the further reason that none of the reasons alleged in said notice were valid and sufficient to terminate such contract.

Such notice not to re-employ set forth the following reasons:

"1. We desire to terminate your right to continue as the teacher in said District under the Teacher Tenure Law now in force in the State of Illinois.

2. We may desire to employ someone other than you as our teacher for the next school year and for that reason we have elected to terminate your rights under the Teacher Tenure Law of this State.

3. We may desire to reduce the salary paid our teacher for the next school year and we feel that for that reason your rights given you by the Teacher Tenure Law of the State of Illinois should be terminated at the end of the term for which you were hired which will expire on or about the last day of April, A. D. 1944.

4. This board has elected to terminate your rights under the Teacher Tenure Law of the State of Illinois so that the Board may select any teacher they see fit to select to teach the school in said District during the next school year."

Defendants appellants moved to dismiss the petition for the reason that petitioner's contract expired at the close of the school year in April 1944; that such notice not to renew her contract was served on her, April 21, 1944; that such board had the power to terminate any right such teacher may have had to continue as a teacher by serving such notice; that such board was not required to set forth any of the reasons set forth in clause 3 of par. 123 of the School Act; that par. 136b of ch. 122, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 123.146] furnished a method by which such board had the right to discontinue the employment at the end of the school year by giving written notice prior to April 25, 1944.

The court overruled the motion of defendants who refused to plead further; default was entered and writ of mandamus ordered and issued as prayed. Defendants appeal.

██ In 1941 the legislature amended par. 136b of ch. 122, Ill. Rev. Stat. This section applies to districts having a board of school directors as in the instant case. Paragraph 136c [123.161 (1)] was added and applies only to those districts having a board of education or board of school inspectors, and is now discussed only to the extent it may have a bearing upon the construction to be placed upon par. 136b, relating to districts having a board of school directors. Sec-

tions of a statute relating to the same subject matter are statutes in *pari materia* and are treated and construed together as though they constituted one Act. (*The People ex rel. Frazier v. Cleveland, C. C. & St. L. Ry. Co.,* 306 Ill. 459.)

Petitioner seems to have mistakenly assumed that her status is determined by said par. 136c, which provides that whenever any teacher has been employed in any district as a full time teacher for a probationary period of two consecutive years, such teacher shall enter upon "contractual continued service" until such teacher reaches the age of 65 years. In the event of dismissal, written notice is required by registered mail stating the "specific charges" against such teacher; the dismissal must be approved by a majority vote of the members of the board after a hearing which may be requested by the teacher; the hearing may be public; the teacher may have counsel and may cross-examine witnesses; subpoenas may be issued; an appeal may be taken to the county superintendent of schools. In other words, detailed procedure is prescribed in the event a board declines to re-employ a teacher under her original contract during the period before such teacher reaches the age of 65 years, even though the original employment, after the probationary period, was for a period of only one year.

In contrast with the above, par. 136b, applicable in the instant case, has no provision for "contractual continued service" and has no provision requiring the making of "specific charges" against the teacher. It merely provides that contracts may be entered into by the board and a teacher for as many as three years instead of one year as before, and that if the board does not desire to re-employ or tender a new contract, the teacher must have written notice before April 25 of the school term. This provision was apparently intended to provide the teacher with ample opportunity to seek other employment. The variance between the

two sections is important and must be assumed as intentional on the part of the legislature.

The provisions of par. 136b relating to notice of non-re-employment are as follows: " . . . it shall be the duty of the Board of School Directors on or before April 25 of each year in which any regular employment contract expires to notify in writing said employee concerning his re-employment or lack thereof. In case any teacher, principal, or superintendent is not to be re-employed, written reasons therefor shall be given in writing by the employing Board of Directors."

 Inasmuch as the legislature has not attempted to define what it means by the word "reasons" as used in the Act, it becomes necessary to determine the intent of the legislature in the use of the word. In the case of *Anderson v. Board of Education*, 390 Ill. 412, 434, the Supreme Court said: "Under the prior decisions of this court, no person has a right to demand that he or she shall be employed as a teacher. The School Board has the absolute right to decline to employ or to re-employ any applicant for any reason whatever. It is no infringement upon the constitutional rights of any future Board to decline to employ a teacher in the schools. It is free to contract with whomsoever it chooses. Neither the constitution nor the statute places any restriction on this right and no one has any grievance which the Court shall recognize simply because the Board of Education refuses to contract with him or her. (Citing cases)." In the same opinion at page 422, the court states: "A statute creating a new liability must be strictly construed in favor of persons sought to be subjected to its operation. (59 C. J. 1129). 'If a statute creates a liability where none would otherwise exist or increases a common law liability it will be strictly construed . . . . The courts will not extend or enlarge the liability by construction; they will not go

beyond the clearly expressed provisions of the act.' (*Sutherland on Statutory Construction*, p. 472, par. 371.) The Teacher Tenure Law clearly creates a new liability where none would otherwise exist; it makes a contract for the parties by operation of the law where otherwise none would exist. Therefore, under this rule above quoted, the word 'year' should be given a strict construction and its meaning not extended beyond the ordinary meaning of the word.'' In the same opinion at page 425, the court said: ''In construing a statute its words must be given their plain and ordinary meaning, (citing cases) and the court has no right to read into the statute words that are not found therein either by express inclusion or by fair implication.''

In view of these rules of construction, the court should give to the word ''reason'' its plain and ordinary meaning of ''a statement offered as an explanation of an act.'' (Webster's New International Dictionary, 1944 Ed., p. 2074.) The court has no right to read into this section of the statute a meaning such as is connoted by the word ''charges,'' as used in sec. 136c. A ''charge'' is defined as ''an accusation of a wrong or offense.'' (Webster, *supra*, p. 452.)

█ From a careful consideration of the foregoing, the conclusion is reached that the written notice to petitioner by the board setting forth its reasons, *i.e.,* that the board might desire to reduce the salary and that the board desired to select any teacher it saw fit to select, was a sufficient compliance with the provisions of the Act.

█ Petitioner further contends that the notice required must relate to one of the causes of dismissal set forth in clause 3 of par. 123 of the School Act, *i.e.,* the board shall have power to dismiss a teacher for incompetency, cruelty, negligence, immorality, or other sufficient cause. This section was adopted in 1909 at a time when a teacher could legally be employed for only one year and was intended to apply to removal

during the course of the school year. An analogous provision was so construed in the case of *The People ex rel. Davidson v. Bradley*, 382 Ill. 383.

Petitioner has cited various decisions from other States in support of her interpretation of the Illinois Act in regard to "reasons" for nonre-employment. The statutes of all of these other States are in no way similar to the Illinois Act and in general provide that failure to re-employ may only be predicated upon certain causes specifically enumerated in the Acts.

██ ██ It is our opinion that petitioner was employed by a written contract for a one-year term ending in April 1944; that she was legally notified in apt time that a new contract would not be tendered to her; that any rights she had as a teacher in School District No. 175 expired at the end of the school year in April 1944. In the case of *Friedman v. City of Chicago*, 374 Ill. 545, the court said: "It is a matter so well settled as to need no citation of authorities that one seeking a writ of mandamus must show a clear right to the writ, . . . ." Petitioner has failed to show any right to the writ of mandamus in this case. The judgment of the circuit court of Sangamon county is reversed.

*Reversed.*