BRADLEY SHERMAN *et al.*, Plaintiffs-Appellees, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF HIGHLAND *et al.*, Defendants-Appellants.—(Stephen Earnhart *et al.*, Complainants-Appellants.)

Fifth District   No. 82—5

Opinion filed December 8, 1982.—Rehearing denied January 5, 1983.

Dennis Koch, of Highland, for appellants Stephen Earnhart and William Frey.

Daniel J. Stack, of Donald J. Johannes, P.C., of Highland, for other appellants.

Robert F. Kaucher, of Kaucher and Ligman, of Highland, for appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

On December 11, 1981, plaintiffs, Bradley Sherman and Larry Gilbert, police officers employed by the police department of the city of Highland, Illinois, filed a petition for a temporary restraining order and a complaint for injunction in the circuit court of Madison County. Plaintiffs sought to enjoin the Board of Fire and Police Commissioners of the city of Highland (hereinafter referred to as the Board) from holding hearings concerning pending charges filed against them by

Stephen Earnhart and William Frey (hereinafter referred to as complainants). Plaintiffs' complaint for injunction alleged, *inter alia*, that the Board was without jurisdiction to hear the charges filed by complainants because the Board filed to set the matter for a hearing within 30 days as required by section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 10—2.1—17). Plaintiffs' petition for a temporary restraining order was granted, and a hearing on their request for an injunction was set for later in December.

On December 17 and 18, 1981, complainants and the Board, respectively, filed motions to dismiss the plaintiffs' complaint for injunction on the grounds that plaintiffs (1) had not exhausted their administrative remedies, (2) had an adequate remedy at law, and (3) would not suffer irreparable harm if the injunction was not issued. On December 18, 1981, both the Board and complainants filed their answers to plaintiffs' complaint for injunction, which denied that the Board had failed to comply with section 10—2.1—17 of the Illinois Municipal Code and alleged, as affirmative defense, essentially the same grounds asserted as a basis for dismissal of plaintiffs' complaint.

A hearing on plaintiffs' complaint for injunction and the Board's and complainants' motions to dismiss was had on December 18, 1981. A stipulation of facts was entered into by all the parties. This stipulation indicated that complainant Earnhart submitted written allegations against both plaintiffs to the Board on October 22 or 26, 1981. Complainant Frey submitted similar allegations against Officer Sherman on November 10, 1981. Both documents submitted by complainants claimed, in essence, that plaintiffs were guilty of official misconduct during an incident at a tavern in the early morning hours of September 4, 1981.

The Board's attorney sent a letter to complainants on November 13, 1981. The letter read in pertinent part:

"I am enclosing the charges which you filed with the Board of Fire & Police Commissioners on October 26, 1981.

I have been asked by the Board members to point out to you that Section 2 of their Rules and Regulations regarding charges, hearings, dismissals and suspensions provides in Subparagraph (c) that charges must be in writing and filed with the Secretary of the Board. The charges shall specify the rule violated and shall designate the time and place of the offense.

We ask that if you are going to file the charges, that you amend them to specifically point out the rule which was violated in each instance. The Rules and Regulations of the Fire & Police Commissioners and of the Highland Police Department

are available at the City Offices.

If you wish to have any further action on the charges, you must amend them and file them with the Secretary of the Board of Fire & Police Commissioners, Kathy Essenpreis, within a reasonable period of time. I would recommend that they be filed in the near future if you intend to follow through with this matter."

The section of the Board's rules and regulations referred to in the above letter reads as follows:

"Sec. 2. Persons holding positions in the fire and police departments may be suspended without pay or discharged from service in the following manner:

* * *

(c) Charges shall be preferred in writing and shall be filed with the Secretary of the Board. The charges shall specify the rule violated and shall designate the time and place of the offense; ***."

Rules and Regulations of the Board of Fire and Police Commissioners of the City of Highland Madison County, Illinois— Charges, Hearings, Dismissals and Suspensions sec. 2 (1975).

On November 24, 1981, both complainants submitted new documents to the Board which included the citations the Board had requested. Complainant Earnhart's allegations remained unchanged, but complainant Frey had added the allegation that Officer Sherman intentionally prolonged the processing of charges against him. A letter acknowledging the receipt of complainants' charges and noting their filing was sent on November 26, 1981, by Kathleen Essenpreis, the secretary of the Board.

On December 4, 1981, the Board issued and plaintiffs received notice of complainants' charges and plaintiffs were informed that a hearing on the matter would be held on December 16, 1981.

The Board called two witnesses at the hearing had in the circuit court on December 18, 1981. Jack Cygan, the president of the Board, testified that the documents originally submitted by complainants in October and early November were returned because they were not specific enough. Kathleen Essenpreis testified that the Board returned the documents originally submitted by complainants because the rules of the Board allegedly violated were not specified.

On December 21, 1981, the circuit court entered its order enjoining the Board from conducting any hearings relative to the charge and also enjoining complainants from further prosecution of the charges before the Board. In its order, the court, after reciting the

facts, stated, *inter alia:*

"[T]he unalterable fact in this case is the thirty (30) day hearing period is jurisdictional. (See *Bridges v. Board of Fire and Police Commissioners of Mount Zion*, 83 Ill. App. 3d 190, 403 N.E.2d 1062 (1980)) [*sic*]. As the jurisdiction of the Defendant Board to hear charges no longer exists, the Court must decide whether injunctive relief is proper. The overwhelming weight of case law is, as Frey and Earnhart concede, in Plaintiffs' favor. (See *Rocke v. County of Cook*, App., 18 Ill. Dec. 134, 377 N.E.2d 288 (19  ), [*sic*] for example). Accordingly, this Court will follow precedent."

The Board and complainants appeal the circuit court's order granting the injunction. There are four issues to be considered: (1) whether the doctrine of exhaustion of administrative remedies prevented judicial relief; (2) whether the circuit court erred by finding that the Board lacked jurisdiction to hear the charges filed by complainants because the Board failed to set the matter for a hearing within 30 days as required by section 10—2.1—17 of the Illinois Municipal Code; (3) whether an injunction was a proper remedy; and (4) whether complainant Frey is entitled to a hearing on an additional charge against Officer Sherman which was not in the original document he submitted to the Board.

Before discussing the issues presented, we deem it necessary, since defendants have argued the matter at length, to mention the issue regarding the propriety of the Board's requirement that charges against police officers specify the Board's rule which allegedly has been violated. Despite defendants' characterization of the circuit court's ruling as holding the Board's requirement invalid, we find no such ruling in the order appealed from. The circuit court found that complainant Earnhart's charges were filed on October 22 or 26, 1981, and complainant Frey's charges were filed on November 10, 1981. The circuit court further found that an injunction was proper in the instant case. We find no evidence in the circuit court's order that it, either implicitly or explicitly, ruled that the Board's rule regarding specificity was invalid. Hence, the matter is not presented for our review and we express no opinion thereon.

■ Defendants argue that the circuit court erred by granting relief because the doctrine of exhaustion of administrative remedies precluded judicial relief. We do not agree. Plaintiffs alleged that under section 10—2.1—17 of the Illinois Municipal Code the Board lacked the jurisdiction to proceed with a hearing concerning complainants' charges. Section 10—2.1—17 states that "[t]he board of fire and police

commissioners shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time." (Ill. Rev. Stat. 1981, ch. 24, par. 10—2.1—17.) The 30-day time limit set forth in this section is jurisdictional. (*Bridges v. Board of Fire & Police Commissioners* (1980), 83 Ill. App. 3d 190, 194-95, 403 N.E.2d 1062, 1065; *Kozsdiy v. O'Fallon Board of Fire & Police Commissioners* (1975), 31 Ill. App. 3d 173, 174-75, 334 N.E.2d 325, 327.) When a party, as here, attacks the authority of an administrative agency to act, the circuit court has jurisdiction to consider the merits of such a contention regardless of whether administrative remedies have been exhausted. *Riggins v. Board of Fire & Police Commissioners* (1982), 107 Ill. App. 3d 126, 129, 437 N.E.2d 327, 328; *Horan v. Foley* (1963), 39 Ill. App. 2d 458, 463-64, 188 N.E.2d 877, 880.

■ Defendants urge that the circuit court erroneously found that charges against plaintiffs were filed by complainant Earnhart on October 22 or 26, 1981, and that charges against Officer Sherman were filed by complainant Frey on November 10, 1981. Defendants maintain that the documents they submitted to the Board in October and early November did not constitute "charges" or amount to a "filing" under section 10—2.1—17 of the Illinois Municipal Code because the documents failed to comply with the Board's rule requiring specificity as to what Board rules were allegedly violated. Defendants urge that it was not until complainants submitted their second document on November 24, 1981, that charges were filed and, therefore, a hearing was scheduled within 30 days.

Defendants' position that the documents originally submitted to the Board did not constitute "charges" is untenable. A "charge" has been defined as "an accusation of a wrong or offense." (*Pack v. Sporleder* (1945), 327 Ill. App. 420, 426, 64 N.E.2d 674, 677.) The documents the complainants originally submitted to the Board alleging various misdeeds by the plaintiffs fall within this definition. Nevertheless, defendants suggest that a charge does not exist unless it comports with the Board's rules and regulations which require that the complainants specify a rule of the Board which has been violated. This assertion also lacks merit. The Board is empowered to discharge a police officer for "cause" regardless of whether the police officer's actions violated a rule of the Board. (*Flynn v. Board of Fire & Police Commissioners* (1975), 33 Ill. App. 3d 394, 398, 342 N.E.2d 298, 301.) Thus, a charge, with potential adverse consequences for a police officer, may exist despite the fact that no Board rule has been violated.

■ Defendants also argue that there was no "filing" as contem-

plated in section 10—2.1—17 of the Illinois Municipal Code when complainants submitted their charges in late October and early November. We reject this contention. A document is filed when it is delivered to the proper officer with the intent of having such document kept on file by such officer in the proper place. (*Sparacino v. Ferona* (1956), 9 Ill. App. 2d 422, 425-26, 133 N.E.2d 753, 755; *Labrier v. Anheuser Ford, Inc.* (Mo. 1981), 621 S.W.2d 51, 54; *Stanley v. Board of Appeals* (1938), 168 Misc. 797, 800, 5 N.Y.S.2d 956, 959-60.) The record establishes that complainants' original charges were delivered to the proper authority, at the proper place, and with the requisite intent to constitute a filing.

The circuit court properly found that the Board should have set a hearing on such charges within 30 days as required by section 10—2.1—17 of the Illinois Municipal Code, especially because after a hearing was scheduled the Board could have granted a continuance on its own motion to allow complainants to amend their charges to comply with the Board's rules and regulations. (See *Flynn v. Board of Fire & Police Commissioners* (1975), 33 Ill. App. 3d 394, 396-97, 342 N.E.2d 298, 301.) The Board's failure to schedule a hearing on the charges originally filed by complainants in October and early November resulted in the Board losing jurisdiction because the hearing scheduled after complainants' second filings was beyond the 30-day period allowed by statute. (See *Bridges v. Board of Fire & Police Commissioners; Kozsdiy v. O'Fallon Board of Fire & Police Commissioners*.) Having lost jurisdiction, the Board could not proceed with the hearing on complainants' charges which was to be held on December 16, 1981.

■ Defendants alternatively argue that an injunction was an improper remedy in the instant case. We do not agree with this contention. Where a party questions an administrative agency's jurisdiction, the courts will entertain a complaint for injunction. (*Riggins v. Board of Fire & Police Commissioners*; 42 Am. Jur. 2d *Injunctions* sec. 176 (1969).) Generally, injunctive relief will not be granted against public officials unless such acts are outside their authority or are unlawful. (*Rocke v. County of Cook* (1978), 60 Ill. App. 3d 874, 875, 377 N.E.2d 287, 288; 21A Ill. L. & Prac. *Injunctions* sec. 81 (1977).) Here, the Board, if allowed to proceed with the hearing on complainants' charges, which was scheduled after the 30-day statutory period had run, would be acting without jurisdiction and injunctive relief is proper.

Finally, complainant Frey argues that the circuit court erred by finding that the document he originally submitted to the Board on November 10, 1981, and the document he subsequently filed on Novem-

ber 24, 1981, contained the same charges. He points out that the document he filed on November 24, contained the additional allegations that Officer Sherman prolonged the processing of charges against him. Complainant Frey suggests that this court should allow the Board to conduct a hearing on this additional allegation.

■ Plaintiffs urge, and we agree, that complainant Frey has waived consideration of the issue as to whether Frey is entitled to a hearing on the additional allegation submitted to the Board on November 24. Where the record fails to show that a matter urged on appeal was decided by the circuit court, the issue is not properly preserved (*Eleopoulos v. City of Chicago* (1954), 3 Ill. 2d 247, 254, 120 N.E.2d 555, 559), and an argument presented for the first time on appeal is deemed waived. (*Snow v. Dixon* (1977), 66 Ill. 2d 443, 453, 362 N.E.2d 1052, 1056; *People ex rel. Wilcox v. Equity Funding Life Insurance Co.* (1975), 61 Ill. 2d 303, 313, 335 N.E.2d 448, 453.) In the case at bar, complainant Frey, contrary to his assertion at oral argument, had an adequate opportunity at trial to present the argument he now raises for the first time on appeal. Both his pleadings and arguments in the circuit court fail to raise the issue regarding his additional allegation in the second charge filed against Officer Sherman and, consequently, we conclude that the issue is waived.

For the foregoing reasons, the order of the circuit court of Madison County is affirmed.

Affirmed.

HARRISON, P.J., and WELCH, J., concur.