NEWMAN, RAIZ AND SHELMADINE, LLC, Plaintiff-Appellant, v. DOROTHY BROWN, Clerk of the Circuit Court, *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—08—1820

Opinion filed September 11, 2009.

James P. Newman and Brian M. Connell, both of Newman Raiz, LLC, of Chicago, for appellant.

Anita Alvarez, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Louis R. Hegeman, Stephen L. Garcia, and Paul A. Castiglione, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Newman, Raiz & Shelmadine, LLC, appeals the circuit court's dismissal of counts I, II, III, and V of its complaint as well as the grant of summary judgment as to count IV in favor of defendants Dorothy Brown, in her official capacity as clerk of the circuit court (Circuit Clerk), Maria Pappas, in her official capacity as treasurer of Cook County (Treasurer), and Thomas Dart, in his official capacity as sheriff of Cook County (Sheriff).

■ Plaintiff's original complaint, filed on November 10, 2004, contained three counts against the Circuit Clerk. Count I alleged that the $0.50 copying fee at the circuit court of Cook County was illegal. Count II requested damages from both the Circuit Clerk and the Treasurer (who was later named as a necessary party). Count III alleged that the prohibition of the use of portable scanners is improper. All three counts were legally based upon the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 et seq. (West 2006)). The Circuit Clerk moved to dismiss the complaint pursuant to section 2—619 of the Illinois Code of Civil Procedure (735 ILCS 5/2—619 (West 2006)) by arguing, inter alia, that it was not subject to FOIA. The circuit court subsequently entered an order granting the motion, finding that the Circuit Clerk was not subject to FOIA.

Plaintiff filed an amended complaint which added two counts and named Michael Sheahan, then Sheriff of Cook County, as an additional defendant. Counts I through III reasserted the counts of the original complaint in order to preserve the issues on appeal. Count IV sought a declaration that the Circuit Clerk had no authority to prohibit the use of portable scanners for copying court documents. Count V sought declaratory and injunctive relief against the Sheriff and alleged that the Sheriff's failure to return an affidavit of service to the party commissioning the service violated section 3—6019 of the Counties Code (55 ILCS 5/3—6019 (West 2006)). The defendants again filed a motion to dismiss. The circuit court subsequently dismissed count V, finding that plaintiff failed to state a claim as a matter of law. After discovery was completed relating to count IV, the circuit court entered summary judgment in favor of the Circuit Clerk on that count. Plaintiff timely appeals.

Plaintiff first contends that the trial court erred in granting defendant's section 2—615 motion to dismiss counts I through III of its original complaint.

We review *de novo* an order granting a section 2—615 motion to dismiss. *Covinsky v. Hannah Marine Corp.*, 388 Ill. App. 3d 478, 489 (2009). A section 2—615 motion attacks the legal sufficiency of the complaint, challenging a complaint for failure to state a cause of action. *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009). Only those facts apparent from the face of the pleadings, matters of which the court can take judicial notice, and judicial admissions in the record may be considered in ruling on such a motion. *Pooh-Bah Enterprises*, 232 Ill. 2d at 473. All well-pleaded facts and all reasonable inferences that may be drawn from those facts are accepted as true. *Rockford Memorial Hospital v. Havrilesko*, 368 Ill. App. 3d 115, 120 (2006). However, a plaintiff may not rely on mere conclusions of law or fact unsupported by specific factual allegations. *Pooh-Bah Enterprises*, 232 Ill. 2d at 473.

Section 3(a) of FOIA provides that "[e]ach public body shall make available to any person for inspection or copying all public records, except as otherwise provided in Section 7 of this Act." 5 ILCS 140/3 (West 2006). Furthermore, "[a]ny person denied access to inspect or copy any public record by the head of a public body may file suit for injunctive or declaratory relief." 5 ILCS 140/11(a) (West 2006).

Plaintiff primarily argues that the circuit clerk is "answerable to the Cook County Commission, not the Chief Judge," and is therefore a "public body" subject to FOIA. Plaintiff bases this argument on section 27.2a of the Clerks of Courts Act, which provides:

"The fees of the clerks of the circuit court in all counties having a population of 3,000,000 or more inhabitants in the instances described in this Section shall be as provided in this Section. In those instances where a minimum and maximum fee is stated, the clerk of the circuit court must charge the minimum fee listed and may charge up to the maximum fee if the county board has by resolution increased the fee." 705 ILCS 105/27.2a (West 2006).

However, we cannot agree with plaintiff's argument here. The general powers of counties are provided in section 5—1005 of the Counties Code (55 ILCS 5/5—1005 (West 2006)). Clearly absent from section 5—1005 is any statement providing for control by the county over any operation of the courts or clerks of the circuit court. This observation is further supported by previous findings by our supreme court. In *Drury v. County of McLean*, 89 Ill. 2d 417, 420 (1982), our supreme court found that clerks of the circuit court "are nonjudicial members of the judicial branch of State government." It was explicitly held that

clerks of the circuit court are not "county officials" or agents of the county. *Drury*, 89 Ill. 2d at 420-21. While *Drury* is a dated opinion, we nevertheless find the reasoning to remain sound and currently applicable. Although plaintiff correctly points out that section 27.2a of the Clerks of Courts Act provides a fee schedule for the Circuit Clerk's document reproduction fee, we do not see how this by itself somehow makes the Circuit Clerk answerable to the county. Section 27.2a is a state statute that allows the county board to adjust fees by resolution and allows the Circuit Clerk to establish fees within those statutory limits. We find that this limited interaction between the two is insufficient to require a conclusion that the Circuit Clerk is a county agent. See *Drury*, 89 Ill. 2d at 425 (finding that circuit court clerks are not a county office even if counties pay the salaries and expenses of the circuit court clerks).

It further appears that the Circuit Clerk is not subject to FOIA even when examined outside of any relationship to the county. As stated above, we have agreed with the reasoning in *Drury* and found that the Circuit Clerk constitutes a member of the judicial branch of the state government. Section 2(a) of FOIA provides, in pertinent part, that a "public body" constitutes "any legislative, executive, administrative, or advisory bodies of the State *** which are supported in whole or in part by tax revenue, or which expend tax revenue." 5 ILCS 140/2(a) (West 2006). Notably absent is any reference to the judicial branch. The legislature provided specifically for both the legislative and executive branches and we interpret this lack of reference to indicate an intent to exclude the judiciary from the relevant disclosure requirements. See *Copley Press, Inc. v. Administrative Office of the Courts*, 271 Ill. App. 3d 548, 553 (1995) (holding that the omission of any reference to the courts or judiciary in section 2(a) of FOIA excludes the judiciary from disclosure requirements of FOIA). As such, the Circuit Clerk, as a component of the judicial branch, is excluded from the definition of a "public body" as it is defined in section 2(a). Accordingly, we find that the circuit court did not err in dismissing counts I through III of plaintiff's complaint.

■ Plaintiff next contends that the circuit court erred in granting defendants' motion to dismiss as to count V against the Sheriff. To reiterate, in count V of its complaint, plaintiff sought a declaration that the failure of the Sheriff to return an affidavit of service plaintiff had commissioned is a violation of section 3—6019 of the Counties Code (55 ILCS 5/3—6019 (West 2006)). Plaintiff also sought injunctive relief, arguing that the Sheriff is required to return an affidavit of service upon request. The circuit court ultimately granted defendants' section 2—615 motion to dismiss the count.

After reviewing the relevant statutes and rules, we must disagree with plaintiff's contention. Section 3—6019 provides that sheriffs "shall serve and execute, within their respective counties, and return all warrants, process, orders and judgments of every description that may be legally directed or delivered to them." 55 ILCS 5/3—6019 (West 2006). In regard to the return of service, Supreme Court Rule 102(d) provides that "[t]he officer or person making service shall make a return by filing proof of service immediately after service on all defendants has been had." 134 Ill. 2d R. 102(d). Knowing this, it is apparent that the Sheriff shall effectuate its mandated return under section 3—6019 by "filing proof of service." To be clear, a " 'document is filed when it is delivered to the proper officer with the intent of having such document kept on file by such officer in the proper place.' " *Valio v. Board of Fire & Police Commissioners*, 311 Ill. App. 3d 321, 327 (2000), quoting *Sherman v. Board of Fire & Police Commissioners*, 111 Ill. App. 3d 1001, 1007 (1982). We find no language in any statute, rule, or case which supports plaintiff's contention that the Sheriff is required to return the process directly to the person who commissioned the service. Accordingly, we find that the circuit court properly dismissed count V of plaintiff's amended complaint pursuant to section 2—615 for failure to state a claim as a matter of law.

Finally, plaintiff contends that the trial court erred in granting defendants' motion for summary judgment as to count IV of its amended complaint. In count IV, plaintiff sought a declaration that prohibiting the use of a portable scanner to copy documents maintained by the Circuit Clerk violated the Clerks of Courts Act.

An additional argument is included in the portion of plaintiff's brief appealing the grant of summary judgment as to count IV. Plaintiff additionally "seeks to have the price of $0.50 per page charged for copying court documents with copy machines located in the Circuit Clerk's office declared in violation of the law and for damages resulting from the over-priced copies." Count IV only brings to issue the use of a portable scanner but at no time raises the issue of copying fees charged by the copy machines. Despite this, we note that plaintiff addressed the price-per-page issue in it's response to defendants' motion for summary judgment and also raised the issue in count I of its original complaint. As such, we will address this argument along with the others on appeal in the interest of ensuring a just result.

The grant of summary judgment is reviewed *de novo. Perri v. Furama Restaurant, Inc.*, 335 Ill. App. 3d 825, 829 (2002). Summary judgment is proper where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 2004).

The following evidence relating to this issue was established through discovery. The Circuit Clerk maintains court documents in the Richard J. Daley Center (Daley Center) in Chicago. The owner of the Daley Center is a government entity known as the Public Building Commission of Chicago (PBC) with the building manager being MB Real Estate Services (MB Real Estate). PBC, Cook County, and the City of Chicago are tenants of the Daley Center. Cook County, as a tenant, includes entities such as the circuit court, the law library, the State's Attorney office, and the clerk's office. Cook County pays the rent directly to PBC for the space it occupies, including the Circuit Clerk's office space. In December 2003, PBC and MB Real Estate entered into a service agreement with Multiple Business Systems (MBS). MBS agreed to provide copying equipment for the use of the public in public access areas on the sixth, seventh, eighth, and twelfth floors of the Daley Center. MBS owns the coin-operated copy machines and collects the money from these machines. The service agreement also establishes the payments MBS must make to MB Real Estate as compensation. Kathleen Morro, a vice president/general manager for MB Real Estate, testified that because of the re-leasing of Cook County's space, Cook County is given a proportionate rent abatement.

■ We will first address plaintiff's argument relating to the copying fees. The evidence here shows that the Circuit Clerk does not own or maintain the copiers at issue. Moreover, the Circuit Clerk does not collect any revenue from the copiers. MB Real Estate manages the building and MB Real Estate contracted with MBS for its services. Because of this, it is unclear how or why plaintiff is claiming that the Circuit Clerk is responsible for any alleged damages for money plaintiff has paid to MBS. Furthermore, neither MBS nor MB Real Estate is a named defendant in this case and it is outside the scope of this case for us to examine why MBS charges the rates it does and whether they are in violation of the law.

■ Plaintiff next argues that the Circuit Clerk has unlawfully made the right to access and disseminate court documents subject to an exclusive contract in violation of section 13 of the Clerks of Courts Act. Section 13 provides that "the right to access and disseminate any court record as defined in this Act may not be subject to an exclusive contract with another person or entity." 705 ILCS 105/13 (West 2006).

First and foremost, we find nothing in the record to indicate the MBS has any right by contract, exclusive or not, with the Circuit Clerk to access or disseminate court records. To reiterate, MBS has a contract with MB Real Estate to provide copy machines. How this

could be construed as the Circuit Clerk providing MBS the right to access and disseminate court records through an exclusive contract is unclear. Furthermore, section 16(6) of the Clerks of Courts Act provides:

> "All records, dockets and books required by law to be kept by such clerks shall be deemed public records, and shall at all times be open to inspection without fee or reward, and all persons shall have free access for inspection and examination to such records, docket and books, and also to all papers on file in the different clerks' offices and shall have the right to take memoranda and abstracts thereto." 705 ILCS 105/16(6) (West 2006).

The evidence shows that plaintiff and the public have access to court records directly through the Circuit Clerk and not through MBS. Quite simply, MBS does not and cannot control the rights to access and disseminate any court record. The use of MBS's copiers is entirely optional and separate from any right to inspect court records and thus we cannot find that section 13 of the Clerks of Courts Act has been violated here.

We also find plaintiff's argument that the Circuit Clerk is party to the agreement between MBS and MB Real Estate's service agreement to be unavailing. Essentially, plaintiff argues the Circuit Clerk is a third-party beneficiary of the service contract. In determining whether one is a third-party beneficiary to a contract, one must look to the language of the contract and conclude that it was made for the direct, not merely incidental, benefit of the third person. *Martis v. Grinnell Mutual Reinsurance Co.*, 388 Ill. App. 3d 1017, 1020 (2009). We find no evidence whatsoever showing that the service contract between MB Real Estate and MBS intended to confer a direct benefit to the Circuit Clerk. The Circuit Clerk is not a party to the agreement nor does it collect any revenue related to the copiers. Instead, because MB Real Estate has re-leased portions of Cook County's (the actual tenant) rented area, MB Real Estate has provided for a rent abatement. In effect, a portion of Cook County's rented space has been relinquished and its rent has been adjusted accordingly. At most, this is no more than an incidental benefit as a result of the service agreement between MBS and MB Real Estate. Therefore, we find that the Circuit Clerk is not a third-party beneficiary to the service contract in question.

■ Finally, plaintiff argues that it is entitled to bring a personal scanner into the Circuit Clerk's office to copy documents.

Defendants argue here that plaintiff cites no authority requiring the Circuit Clerk to provide free copies of court records. Defendants cite *Lee v. Pucinski*, 267 Ill. App. 3d 489, 493 (1994), in support. *Lee* stated that a "clerk's duty is to maintain court records and to allow

free access to examine and take memoranda of the records." *Lee*, 267 Ill. App. 3d at 494. *Lee* also stated that there is no general duty upon the clerk to reproduce any records. *Lee*, 267 Ill. App. 3d at 494. While we agree with defendants that the Circuit Clerk indeed has no duty to provide free reproductions of any court record, that does not squarely dispose of plaintiff's contention here. Here, plaintiff does not request that the Circuit Clerk provide it with free copies but that plaintiff should be permitted to use a portable scanner when inspecting the records.

A portable scanner is a device that optically scans documents and stores them as digital images for later viewing. In essence, they are copy machines that make digital copies. As a general matter, we believe that allowing the use of a personal scanner, given certain reasonable considerations (*e.g.*, ensuring the protection of original documents, equipment size limitations, energy consumption, limiting interference with the operation of the Circuit Clerk, etc.), would not present any undue hardship upon the Circuit Clerk. An individual is already permitted to inspect public records and use third-party copy machines to reproduce them. Functionally, a scanner provides the exact same service as those copy machines separately furnished by MBS. We cannot find any language in any statute which implies that it would be impermissible to use what is essentially another third-party copy machine and therefore we see no reason why they should be absolutely prohibited. As such, a blanket prohibition on the use of a personal scanner is overly broad and quite arguably begins to interfere with an individual's right to inspect a record and take "memoranda and abstracts" of them. However, we do not find that an individual should be allowed unlimited discretion in the use of a scanner. At the least, the use of a personal scanner should only be permitted provided that the personal scanner leaves no mark or impression on the document it is scanning and that the use of the scanner does not interfere with the Circuit Clerk's operations. Accordingly, the Circuit Clerk is ordered to permit the use of personal scanners so long as the integrity of the documents is maintained and the Circuit Clerk's operations are not interfered with.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

FITZGERALD SMITH, P.J., and TOOMIN, J., concur.