2017 IL App (3d) 150860

Opinion filed September 28, 2017

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2017

| | | |
|---|---|---|
| CHARLES BOCOCK, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-15-0860 |
| | ) | Circuit No. 15-CH-1907 |
| PAMELA J. MCGUIRE, in Her Official | ) | |
| Capacity as Circuit Court Clerk of the Twelfth | ) | |
| Judicial Circuit, | ) | Honorable |
| | ) | Cory D. Lund, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE CARTER delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justice O'Brien concurred in the judgment and opinion.

_____

**OPINION**

¶ 1        The plaintiff, Charles Bocock, appeals the dismissal of his complaint against defendant, Pamela J. McGuire, in her official capacity as the circuit court clerk of the Twelfth Judicial Circuit. We affirm the dismissal of Bocock's complaint.

¶ 2                                          FACTS

¶ 3        On September 1, 2015, Bocock filed a *pro se* complaint against defendant in her official capacity as the circuit court clerk of the Twelfth Judicial Circuit (clerk). The allegations in

Bocock's complaint against the clerk in this case are based on the manner in which the clerk docketed two complaints filed by Bocock in the Twelfth Judicial Circuit (case Nos. 15-CH-976 and 15-CH-1052) pertaining to the denial of his requests for information from the Will County sheriff's office that he made pursuant to the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2014)). Bocock filed the two FOIA complaints originally against Will County FOIA officer, Brad Josephson, on April 10, 2015 (case No. 15-CH-976), and on April 21, 2015 (case No. 15-CH-1052). Later Bocock amended the complaints to add the sheriff of Will County as a defendant in the FOIA cases. Subsequently, he filed a separate complaint against the clerk of the circuit court, alleging the initial hearing date that the clerk set for his FOIA cases on June 12, 2015, was not the "earliest practicable date" for the initial hearing to take place in violation of section 11(h) of the FOIA (5 ILCS 140/11(h) (West 2014)). Section 11(h) of the FOIA provides, "[e]xcept as to causes the court considers to be of greater importance, proceedings arising under this Section shall take precedence on the docket over all other causes and be assigned for hearing and trial at the earliest practicable date and expedited in every way." *Id.* Bocock claimed that defendant's failure to set his case for hearing at the "earliest practicable date" violated his due process rights under the Illinois Constitution. As a remedy, Bocock sought a "declarative judgment, compensatory, punitive and nominal damages, costs, and an injunction compelling [defendant] to conform to the statutory requirements of the Illinois Freedom of Information Act, and any other relief [the] Court deem[ed] just."

¶ 4        In response, on September 28, 2015, defendant, through her counsel—an assistant state's attorney—filed a section 2-619 motion to dismiss the complaint (735 ILCS 5/2-619 (West 2014)). In the motion to dismiss, defendant argued that section 11(h) of the FOIA did not contain a penalty provision for its violation and, therefore, the provision was "directory and not

2

mandatory in application." Defendant also argued that Bocock could have filed a motion to advance the initial hearing dates, the setting of the initial hearing date was a matter of discretion on the part of her staff in the circuit clerk's office, Bocock's request for monetary relief was barred by section 2-201 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/2-201 (West 2014)), and Bocock's request for injunctive relief to compel her, as the circuit court clerk, to conform to the requirements of the FOIA was "barred because the time for scheduling an initial court date of a complaint under the Freedom of Information Act is not statutorily mandated."

¶ 5    In response to the motion to dismiss, Bocock argued that the issue of whether a statutory provision was mandatory or directory was a matter of statutory construction and the word "shall" in section 11(h) of the FOIA should be interpreted to mean the directives in section 11(h) are mandatory. In reply, in support of her motion to dismiss, the clerk argued that Bocock was not prohibited from filing a motion to advance the court date, setting of the initial case management date in this case was controlled by the local court rules and she did not violate those rules, and it was the "judge [who] controls his docket and sets the hearing and/or trial dates."

¶ 6    On December 11, 2015, the trial court entered a written order indicating "court rules case dismissed with prejudice." Bocock appealed. We affirm.

¶ 7                                    ANALYSIS

¶ 8    On appeal, Bocock argues that the trial court erred in granting defendant's motion to dismiss. Bocock contends the directive of section 11(h) of the FOIA, which provides that FOIA matters "shall" take precedence on the docket over all other causes and be assigned for hearing and trial "at the earliest practicable date and expedited in every way," is mandatory. 5 ILCS 140/11(h) (West 2014). He contends that the trial court erred in determining section 11(h) was

3

discretionary and not mandatory.

¶ 9      The clerk contends on appeal that the trial court was correct in granting her motion to dismiss. Although there is no indication that the FOIA cases' docket sheets were part of the trial court record or that the trial court took judicial notice of the docket sheets in Bocock's FOIA cases, the clerk argues that the docket sheets in Bocock's FOIA cases show the FOIA cases were given a return date (not a hearing date) of June 12, 2015, proof of service in those cases was not filed until September 22, 2015, and no hearing date could be set until Bocock had served defendant in the FOIA cases.[1] The clerk also contends that providing the return date of June 12, 2015, "was a ministerial act to not lose track of the file and [was] not the setting of a 'hearing or trial' as envisioned by [section] 11(h)." The clerk further argues that section 11(h) of the FOIA is a "direction to the court" that is "directory and not mandatory" due to the constitutional concept of separation of powers.

¶ 10     In this case, the clerk filed a motion to dismiss Bocock's complaint pursuant to section 2-619 of the Code of Civil Procedure (Code). 735 ILCS 5/2-619 (West 2014). A section 2-619 motion to dismiss admits the truth of the facts alleged in support of the claim and the legal sufficiency of the claim but raises affirmative matters that arguably defeat the claim. *Id.* On appeal, a *de novo* standard of review will be applied to a dismissal pursuant to section 2-619. *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 18.

¶ 11     In this case, the trial court did not specify the basis for its dismissal of Bocock's complaint with prejudice, nor did the trial court indicate whether it had interpreted the directive

---

[1]On appeal, the clerk motioned for this court to supplement the record on the appeal with the docket sheets from Bocock's FOIA cases, which this court granted and of which this court takes judicial notice. See Ill. R. Evid. 201 (eff. Jan. 1, 2011) (a court may take judicial notice, whether requested or not, of a fact not subject to reasonable dispute that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Curtis v. Lofy*, 394 Ill. App. 3d 170, 172 (2009) (public documents, including court records, are subject to judicial notice).

in section 11(h) of the FOIA to be mandatory. However, we may affirm the circuit court's judgment on any basis appearing in the record (*Gatreaux v. DKW Enterprises, LLC*, 2011 IL App (1st) 103482, ¶ 10), and our review of the record indicates that Bocock failed to state a cause of action upon which relief may be granted. See 735 ILCS 5/2-615 (West 2014); *Heastie v. Roberts*, 226 Ill. 2d 515, 531 (2007) (a section 2-615 dismissal is based upon defects that are apparent on the face of the complaint). In determining whether the allegations in the complaint are sufficient to state a cause of action upon which relief may be granted, all well-pleaded facts must be taken as true. *Heastie*, 226 Ill. 2d at 531.

¶ 12                                    I. Statutory Claim Under the FOIA

¶ 13         In determining whether Bocock's complaint against the clerk stated a statutory claim under the FOIA, we must construe the language of the FOIA. Statutory construction is a question of law, which we review *de novo*. *Nelson v. Kendall County*, 2014 IL 116303, ¶ 22.

¶ 14         The primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. *Id.* ¶ 23. The best indication of legislative intent is the language of the statute. *Id.* In construing the language of a statute, the language in each section must be examined in light of the statute as a whole and in conjunction with other statutes touching on the same or related subjects. *Id.* Where the language of the statute is clear, it must be given effect without resorting to other interpretive aids. *Id.*

¶ 15         The purpose of the FOIA is to open governmental records to the scrutiny of the public. *Stern v. Wheaton-Warrenville Community Unit School District 200*, 233 Ill. 2d 396, 405 (2009). Section 1.2 of the FOIA provides:

        "All records in the custody or possession of a public body are presumed to be
        open to inspection or copying. Any public body that asserts that a record is

5

exempt from disclosure has the burden of proving by clear and convincing evidence that it is exempt." 5 ILCS 140/1.2 (West 2014).

¶ 16    Section 3(a) of the FOIA provides that "[e]ach public body shall make available to any person for inspection or copying all public records, except as otherwise provided in Sections 7 [providing exceptions] and 8.5 [pertaining to records maintained online]." 5 ILCS 140/3(a) (West 2014). Requests for inspection or copies under the FOIA shall be made in writing and directed to the "public body." 5 ILCS 140/3(c) (West 2014). Section 3(d) of the FOIA provides, "[e]ach public body shall, promptly, either comply with or deny a request for public records within 5 business days after its receipt of the request, unless the time for response is properly extended." 5 ILCS 140/3(d) (West 2014).

¶ 17    Under the FOIA, "public body" is defined as:

"[A]ll legislative, executive, administrative, or advisory bodies of the State, state universities and colleges, counties, townships, cities, villages, incorporated towns, school districts and all other municipal corporations, boards, bureaus, committees, or commissions of this State, any subsidiary bodies of any of the foregoing including but not limited to committees and subcommittees thereof, and a School Finance Authority created under Article 1E of the School Code." 5 ILCS 140/2(a) (West 2014).

¶ 18    Under the penalty provision of section 11 of the FOIA, "[a]ny person denied access to inspect or copy any public record by a *public body* may file suit for injunctive or declaratory relief." (Emphasis added.) 5 ILCS 140/11(a) (West 2014). "The circuit court shall have the jurisdiction to enjoin the *public body* from withholding public records and to order the production of any public records improperly withheld." (Emphasis added.) 5 ILCS 140/11(d)

6

(West 2014). "If the court determines that a *public body* willfully and intentionally failed to comply with this Act [the FOIA], or otherwise acted in bad faith, the court shall also impose upon the public body a civil penalty of [$2500 to $5000] for each occurrence." (Emphasis added.) 5 ILCS 140/11(j) (West 2014).

¶ 19    In this case, Bocock's complaint against the clerk was based on the clerk's alleged violation of section 11(h) of the FOIA for setting the initial return date for Bocock's FOIA complaints against Josephson for June 12, 2015. See 5 ILCS 140/11(h) (West 2014) (providing that except as to causes the court considers to be of greater importance, proceedings arising under section 11 of the FOIA shall take precedence on the docket and be assigned for hearing and trial "at the earliest practicable date"). However, Bocock failed to plead sufficient facts to establish that his FOIA cases (case Nos. 15-CH-976 and 15-CH-1052) were not "assigned for hearing and trial at the earliest practicable date." While Bocock alleged the return date of June 12, 2015, "was not the *earliest practicable date* for the hearing on either case," he provides no factual support his contention. In fact, the docket sheets in those cases indicate that Bocock did not obtain service on the defendants until approximately five months after the return date of June 12, 2015, in order for the case to proceed. Thus, Bocock's complaint did not, and could not, plead sufficient facts to support his request for "an injunction compelling [defendant] to conform to the statutory requirement of the [FOIA]."

¶ 20    Moreover, the statutory damages provision of section 11(j) of the FOIA pertains to violations of the FOIA by the "public body" who received and improperly denied a valid FOIA request. The applicable FOIA requests in this instance went to the Will County Sheriff's Department, not the clerk of the circuit court's office. Therefore, section 11(j), under the present circumstances, would not apply in a lawsuit against the circuit clerk.

7

¶ 21     In addition, because the FOIA does not include the judiciary in its definition of "public body," the lack of any reference to the courts or judiciary indicates an intent to exclude the judiciary. *Copley Press, Inc. v. Administrative Office of the Courts*, 271 Ill. App. 3d 548, 554 (1995). The exemption for the judicial branch from the FOIA includes court-affiliated entities that perform judicial functions, such as the clerks of the courts. *Newman, Raiz & Shelmadine, LLC v. Brown*, 394 Ill. App. 3d 602, 606 (2009). "[T]he Circuit Clerk, as a component of the judicial branch, is excluded from the definition of a 'public body' as it is defined in section 2(a) [of the FOIA]." *Id.* Thus, Bocock's complaint failed to establish a claim against defendant in her capacity as the circuit court clerk for relief or statutory damages under the FOIA.

¶ 22                                    II. Due Process

¶ 23     Bocock also failed to plead sufficient facts in his complaint to support his contention that the clerk's "infringement" of the directive for setting hearings in section 11(h) of the FOIA violated his right to due process under article I, section 2, of the Illinois Constitution. Ill. Const. 1970, art. I, § 2. The due process clause in the Illinois Constitution of 1970 provides, "No person shall be deprived of life, liberty or property without due process of law." *Id.* The due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 2) is similar in language to that of the due process clauses in the fifth and fourteenth amendments of the United States Constitution (U.S. Const., amends. V, XIV;), and both the Illinois and United States Constitutions require, at a minimum, that litigants have a full and fair opportunity to litigate an issue before being bound by a resolution of that issue. *Central Illinois Public Service Co. v. Allianz Underwriters Insurance Co.*, 158 Ill. 2d 218, 225-26 (1994). A fundamental requirement of due process is for a party to be afforded the opportunity to be heard at a meaningful time and in a meaningful manner. *In re D.W.*, 214 Ill. 2d 289, 316 (2005).

8

¶ 24    In this case, Bocock's due process claim regarding the clerk's alleged failure to schedule the earliest practicable hearing date represents an alleged violation of procedural due process in regard to access to the courts and the right to a hearing. However, the denial of the right to access the courts cannot be shown unless there was an actual injury. See *Lewis v. Casey*, 518 U.S. 343, 349-52 (1996); *Hadley v. Snyder*, 335 Ill. App. 3d 347, 354 (2002) (providing that to show a violation of the right to access to the courts, a prisoner must prove that prison officials failed to assist him in preparing and filing of legal papers and there was some "detriment" caused by the officials' failure). Evidence of the actual injury caused by the denial of access to the courts must establish a specific harm, such as missed court dates, the inability to file in a timely manner, the denial of legal assistance, or the loss of a case that could have been won. *Hadley*, 335 Ill. App. 3d at 354. In his complaint against the clerk at issue here, Bocock did not allege that any specific harm resulted from the clerk scheduling his FOIA cases with a return date of June 12, 2015, and, thus, did not sufficiently allege that he was deprived of meaningful access to the courts. Consequently, Bocock failed to state a cause of action upon which relief may be granted, and the trial court did not err in dismissing his complaint.

¶ 25                        III. Dismissal with Prejudice

¶ 26    A complaint should be dismissed with prejudice only where it is clear that plaintiff can prove no set of facts that would entitle him to relief. *Bruss v. Przybylo*, 385 Ill. App. 3d 399, 405 (2008). We review the trial court's decision to dismiss a complaint with prejudice for an abuse of discretion. *Id.* Under the circumstances of this case, plaintiff cannot prove any set of facts that would entitle him to relief against defendant in her capacity as the circuit court clerk. Consequently, we affirm the trial court's dismissal of Bocock's complaint with prejudice.

¶ 27                              CONCLUSION

9

¶ 28    The judgment of the circuit court of Will County is affirmed.

¶ 29    Affirmed.