OPINION OF THE COURT
Andrew R. Tyler, J.
Petitioner, a New York State court employee, seeks a judgment pursuant to CPLR article 78 directing respondent, Office of Court Administration, to furnish certain information pursuant to the Freedom of Information Law (Public Officers Law, art 6).
Respondent voluntarily furnished petitioner with a portion of the information requested although respondent contends that the Freedom of Information Law does not apply to the Office of Court Administration.
The heart of the Freedom of Information Law is contained in section 87 of the Public Officers Law. The section applies to "agencies”. Section 86 of the Public Officers Law in definition of agency excludes "the Judiciary”. A definition of "Judiciary” is given in subdivision 1 of section 86 of the Public Officers Law: " 'Judiciary’ means the courts of the state, including any municipal or district court, whether or not of record.” Respondent argues that, although it performs principally administrative functions, the Office of Court Administration is part and parcel of the courts of the State.
The court must look to the intent of the Legislature to determine whether the Office of Court Administration, in the exercise of a purely administrative and personnel function, is to be excluded from the applicable provisions of the Freedom of Information Law. Section 84 of the Public Officers Law states in part "The people’s right to know the process of governmental decision-making and to review the documents and statistics leading to determinations is basic to our society. Access to such information should not be thwarted by shrouding it with the cloak of secrecy or confidentiality.”
In view of the legislative purpose to promote open government, the court is inclined to construe narrowly any section that would tend to exclude offices of government from the law. Section 86 of the Public Officers Law specifically *142 refers to courts when it defines "Judiciary”. The Legislature did not include the administrative arm of the court. The Office of Court Administration does not exercise a judicial function, conduct civil or criminal trials, or determine pretrial motions. Respondent is not a "court”.
It is significant to note that respondent refers to several sections of the Judiciary Law that regulate access to judicial records and allegedly perform a function similar to that of the Freedom of Information Law. None of the sections specified would address access to the information sought by petitioner pertaining to personnel and salaries exclusively.
Accordingly, the court rejects respondent’s contention that it is in all respects exempt from the provisions of the Freedom of Information Law.*
*143 Of the categories of information sought by petitioner, two have not been furnished. Petitioner has requested a list of those employees that have been paid $15,000 to $20,000 in back pay as a result of reclassification. Mr. Babigian also seeks a variety of information regarding appeals of a reclassification of court employees in 1966.
The information sought concerning the reclassification of 1966 has apparently never been compiled. Office of Court Administration states that it would take many man hours to tabulate the data sought. The Freedom of Information Law does not impose a duty upon an office of government to research files to compile statistics in response to an information request (see Public Officers Law, § 89, subd 3). To impose such a duty would expose an agency to vast expense in response to a single request of information. Therefore, petitioner’s request with regard to the 1966 reclassification is denied.
Respondent argues that petitioner’s request for a list of employees paid between $15,000 and $20,000 in back pay in August 1979 may be denied pursuant to section 87 (subd 2, par [c]) of the Public Officers Law. This paragraph provides that an agency may restrict access to records that "if disclosed would impair present or imminent contract awards or collective bargaining negotiations”. Respondent’s contention that imminent collective bargaining negotiations would be impaired by release of the information sought is conclusory in nature. Respondent does not adequately support this contention and the information release would not appear to impair any negotiations (see Church of Scientology of N. Y. v State of New York, 46 NY2d 906).
Respondent further argues that the data sought concerning those employees who received $15,000 to $20,000 in back pay as a result of reclassification has not been compiled. While the data may not be available in printed form it is clear that the information sought is on computer and readily available. Subdivision 3 of section 89 of the Public Officers Law provides in part that "Nothing in this article shall be construed to require any entity to prepare any record not possessed or maintained by such entity except” (emphasis added). Petitioner correctly contends that this section should not restrict *144 access to information readily attained from a computer. Information is increasingly being stored in computers and access to such data should not be restricted merely because it is not in printed form.
Accordingly, the petition is granted to the extent of directing respondent to furnish petitioner with the information sought concerning those employees that received between $15,000 and $20,000 in back pay in August of 1979 as a result of reclassification.

 The question of whether the Office of Court Administration is exempt from the provisions of the Freedom of Information Law (Public Officers Law, art 6) has been submitted to the Committee on Public Access to Records, Department of State for advisory opinions on several occasions and in each instance the director has stated "First, I believe that the Office of Court Administration is subject to the Freedom of Information Law in all respects. It is true that the 'judiciary’ is exempt from the coverage of the Law. Nevertheless, § 86 (2) of the Law defines 'judiciary’ to mean 'the courts of the state, including any municipal or district court, whether or not of record.’ The Office of Court Administration clearly is not a court, but rather is the administrative arm of the judicial system. It has no authority to interpret the law in a judicial sense. Consequently, the Office of Court Administration falls within the definition of 'agency’ appearing in § 86 (3) of the Law.
"Although the ensuing comments might not have significant evidentiary value, it is noted that I participated in negotiations with the Legislature regarding the amendments to the Freedom of Information Law. During the negotiations, the status of the administrative branches of the court system were discussed in relation to the definitions of both 'judiciary’ and 'agency.’ The reason for the exclusion of the courts from the Freedom of Information Law is based upon the notion that there are numerous statutes in the Judiciary Law and court acts which specifically direct that records be available or confidential. Consequently, neither the original Freedom of Information Law nor the Law as amended would affect rights of access to court records, even if the courts were included in the Law. Moreover, during the discussion, it was agreed that the administrative branches of the court system, such as the Office of Court Administration, are not themselves courts and therefore are not subject to the access provisions contained within the Judiciary Law, for example. It was further agreed that for the purpose of the Freedom of Information Law, the Office of Court Administration should not be considered a court within the definition of 'judiciary,’ but rather an agency subject to the broad access provisions applicable to government generally. In sum, I contend that the Office of Court Administration is not part of the 'judiciary’ and is an 'agency’ subject to the Law.” (Opinion of Robert J. Freeman, Executive Director, Committee on Public Access to Records, Dept of State, Feb. 1, 1980.)
It should also be noted that the distinguished legal author, Professor Julius Marke, Law Librarian of the New York University School of Law, in a comprehensive review of the scope of the Freedom of Information Law entitled Access to Public Records in *143 New York State (NYU, March 18, 1980, p 4, col 1) unequivocably stated that agencies such as the Office of Court Administration are not exempt from the provisions of the law.