THE COPLEY PRESS, INC., d/b/a The News Sun, Plaintiff-Appellee and Cross-Appellant, v. ADMINISTRATIVE OFFICE OF THE COURTS *et al.*, Defendants-Appellants and Cross-Appellees.

Second District    No. 2—94—0461

Opinion filed March 24, 1995.

James C. Bakk, of Law Offices of James C. Bakk, of Waukegan, for appellants.

Peter M. Storm, of Law Offices of Cooper & Storm, of Geneva, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

The plaintiff, Copley Press, Inc., d/b/a The News Sun, filed this lawsuit against the defendants, the Administrative Office of the Courts, Nineteenth Judicial Circuit, and the Lake County Department of Court Services, seeking an order compelling disclosure of documents maintained in connection with an electronic monitoring system operated by pretrial services, which is an agency accountable to the chief judge of the circuit court and is defined by statute as an arm of the court in the Pretrial Services Act (725 ILCS 185/2, 3

(West 1992)). The plaintiff sought disclosure of the documents under the Freedom of Information Act (Information Act) (5 ILCS 140/1 *et seq.* (West 1992)) and under the theories that it had a common-law and first amendment right to the records. The trial court found that the defendants were part of the judiciary and thus were not subject to the Information Act. The court further found, after inspecting the documents *in camera*, that a portion of the records sought was not confidential; therefore, the defendants were required to disclose the nonconfidential portions. *The defendants appeal, and the plaintiff cross-appeals from the court's rulings.*

The record shows that in 1986 the circuit court of Lake County established an electronic monitoring system program (EMS program). The EMS program is an alternative incarceration system which monitors the activities of defendants on pretrial release. The system is operated as part of the pretrial services division of the Lake County department of court services, also known as the probation department. Pursuant to section 1 of the Pretrial Services Act, the pretrial service agency is to provide the court with accurate background data regarding the pretrial release of persons charged with felonies and with effective supervision of compliance with the terms and conditions imposed on release. (725 ILCS 185/1 (West 1992).) Since the establishment of the EMS program, one option available to the court is the release of a pretrial detainee from jail to supervision by the EMS program.

The plaintiff filed a Freedom of Information Act request with defendant department of court services seeking the disclosure of records pertaining to the general operation, policies, and procedures of the electronic monitoring system used for home incarceration of felony offenders. The department denied the request. Thereafter, the plaintiff filed this lawsuit to compel the disclosure of the records. The plaintiff's original complaint sought the following:

"[R]ecords pertaining to the general operation policies and procedure of [EMS system], including but not limited to: the date that Lake County began the home incarceration electronic monitoring program; the offenses for which each participant in the program was charged, except information which would tend to identify individual offenders; the length of time each participant in the program was originally ordered to be a participant in the program and the actual length of time that each participant participated in the program; any and all records related to the monitoring or results of monitoring of each individual participating in the program; documents related to the program's technical operation, size, and/or cost; any documents discussing discretionary

guidelines for use by the County's staff for implementing, maintaining, and operating the program. *** Records regarding the program's size, including but not limited to: any and all records pertaining to the number of participants in the Program each year since its inception in Lake County.

*** [I]nformation regarding the Program's problems and failure rate, including but not limited to: any arrests of Program participants made while in the Program and the disposition of each such arrest; documents related to the monitoring system's failure to detect a participant's movement beyond the monitored area."

The defendants filed a motion to dismiss in which they raised the nonapplicability of the Information Act. The court granted the defendants' motion to dismiss agreeing that the defendants' employees were judicial employees and that the judiciary was exempt from the Act. Thereafter, the plaintiff filed an amended complaint seeking the records based on common-law and first amendment grounds recognizing the right of access to judicial records.

Meanwhile, the court in the criminal proceeding of People v. Rivera entered an order requiring the Lake County department of court services to provide the prosecution and defense in the case copies of all documents concerning the electronic monitoring system. The electronic monitoring system was apparently an issue in the criminal case because the defendant allegedly committed the murder after evading the system while on pretrial release for another crime. The department of court services complied with the court's order, but it is unclear whether the records were entered into evidence in open court and whether they were placed in the court file for the case. The plaintiff states that they were not part of the court file, while the defendants state that they were part of the court file. In that regard, the defendants stated in their cross-motion for summary judgment that "all documents relating to the EMS program" were introduced into evidence in the criminal case and the information is accessible from that court file. The plaintiff filed an affidavit stating that during the pendency of the criminal proceeding the plaintiff requested access to the records from the prosecutor, defense counsel and the trial judge, but those requests were denied. The defendants presented the affidavit of circuit clerk Sally Coffelt which stated that neither she nor any member of her staff had denied the plaintiff or any of its reporters access to court files.

The parties in the instant proceeding filed cross-motions for summary judgment. The trial court granted the plaintiff's motion for summary judgment and denied the defendants' motion for summary

judgment finding that the plaintiff had exhausted all reasonable means to obtain the requested documents and records from other sources. The court further found that plaintiff's request involved "generic operational data" which did not implicate the disclosure of confidential information. The court ordered the defendants to turn over the documents within 21 days but granted them leave to submit any of the requested documents for *in camera* inspection which they believed contained personal information involving the privacy rights of third persons. The defendants subsequently filed with the court 16 files of documents, together with an index and brief description of the contents of each file. After the trial court viewed the documents *in camera*, it ordered that the defendants only be required to produce the documents that did not include identifying information of individual offenders. The court specifically ordered the production of files Nos. 1, 9 and 15. Thereafter, the plaintiff requested the court to order the defendants to redact any exempt matter from the remaining records and to disclose the nonexempt portions thereof. The court declined to order the defendants to redact exempt matter from the documents, finding that it would be unduly burdensome on the defendants. The plaintiff subsequently filed a motion to reconsider, a petition for rule to show cause, a motion to compel production of the documents and for leave to take discovery on the redaction issue.

The court thereafter modified its earlier order and required the defendants additionally to produce the documents from files Nos. 4 and 6 which did not contain identifying information. The court denied the plaintiff's motion for additional discovery, its petition for rule to show cause and its request for further redaction.

The defendants appeal the court orders requiring them to produce EMS records. The plaintiff cross-appeals the dismissal of its Information Act claim, the denial of its requests for complete production, redaction, and discovery and its motion for rule to show cause. The trial court's decision was stayed, and the documents in question remain sealed pending the outcome of this appeal.

On appeal, the defendants argue that: (1) the confidentiality provisions of section 31 of the Pretrial Services Act (725 ILCS 185/31 (West 1992)) and section 12 of the Probation and Probation Officers Act (730 ILCS 110/12 (West 1992)) completely exempt the records in question from disclosure; (2) the plaintiff had available alternate sources to gain the information and that this supports the statutory exemptions from disclosure; (3) common-law privileges against disclosure embodied in the Information Act prohibit disclosure; and (4) the canons of judicial ethics along with fair trial considerations prohibit disclosure. In response, the plaintiff challenges each of the

defendants' assertions. Additionally, the plaintiff argues in its cross-appeal that: (1) the trial court erred in finding that the Information Act did not apply to the defendants; (2) even if the Act did not apply, it was nevertheless entitled to the records under first amendment and common-law principles allowing access to judicial records; (3) participants in the EMS program do not have a privacy interest that would be compromised by the disclosure of the records; (4) the trial court erred in limiting its order to compel only the production of documents that did not contain identifying information; alternatively, the court should have ordered the defendants to redact any identifying information; and (5) the defendants waived any exemptions or privileges against disclosure.

■ Turning to the issue of whether the defendants were subject to the disclosure requirements of the Information Act, we note that this is an issue of first impression in Illinois. Section 3(a) of the Act mandates that "[e]ach public body shall make available to any person for inspection or copying all public records, except as otherwise provided in Section 7 of this Act." (5 ILCS 140/3(a) (West 1992); *Smith v. Cook County Probation Department* (1986), 151 Ill. App. 3d 136, 138.) Section 2(a) defines "[p]ublic body" as "any legislative, executive, administrative, or advisory bodies of the State *** which are supported in whole or in part by tax revenue, or which expend tax revenue." (5 ILCS 140/2(a) (West 1992).) It is a maxim of statutory construction that when a statute enumerates certain items, that enumeration excludes all other items although there are not negative words of prohibition. (*Roth v. Department of Public Aid* (1982), 109 Ill. App. 3d 457, 460.) Here, the legislature specifically listed the legislative and executive branches of government without listing the judicial branch. The lack of any reference to the courts or judiciary must be taken as an intent to exclude the judiciary from the disclosure requirements of the Act.

■ The plaintiff argues that the administrator of the Lake County court services performs purely nonjudicial, administrative functions and that the records his office maintains are distinct from the records maintained by judges and their staff. Therefore, the plaintiff urges, the Information Act applies under the facts of this case. The plaintiff relies on the out-of-State authority of *Quirk v. Evans* (1982), 116 Misc. 2d 554, 455 N.Y.S.2d 918, and *Babigan v. Evans* (1980), 104 Misc. 2d 140, 427 N.Y.S.2d 688.

The plaintiff's reliance on New York case law is unpersuasive. Those cases interpret the New York Freedom of Information Act, which is significantly different from the Illinois act. The New York

act provides that it applies to "agencies," and the definition of "agency" excludes the judiciary. (N.Y. Pub. Off. Law §§ 87, 86 (McKinney 1988).) However, the act specifically defines the "judiciary" as "the courts of the state." (N.Y. Pub. Off. Law § 86(1) (McKinney 1988).) Under the Illinois act, the judiciary is exempt and, unlike in New York, is not narrowly defined. Here, the pretrial services agency was an arm of the court directly accountable to the chief judge. The records in question which they provided related to pending criminal proceedings in that they contained background data of persons charged with felonies who were on pretrial release. This information included pretrial bond evaluation, partial criminal history, comments on the participant, and notes from discussions with the participants. Accordingly, we find that the pretrial services agency performed a clearly judicial function, and thus the records sought by the plaintiffs were not subject to the disclosure requirements of the Information Act.

■ The plaintiff next argues that, even if the Information Act did not apply, it nevertheless had a right of access to the documents under the common law and the first amendment.

We disagree. Section 31 of the Pretrial Services Act provides:

"Information and records maintained by the pretrial services agency which has not been disclosed in open court during a court proceeding shall not be released by the pretrial services agency to any individual or organization, other than any employee of a Probation and Court Service Department, without the express permission of the interviewed or supervised person at or near the time the information is to be released. *** The principle of confidentiality shall not bar a pretrial services agency from making its data available for research purposes to qualified personnel, provided that no records or other information shall be made available in which individuals interviewed or supervised are identified or from which their identities are ascertainable." (725 ILCS 185/31 (West 1992).)

Section 7 of the Pretrial Services Act bestows a duty upon the pretrial services agency to monitor the local operations of the pretrial release system and maintain accurate records of program activities. (725 ILCS 185/7(e) (West 1992).) Under section 31 of the Act, those records are exempt from disclosure. We believe that the statutory exemption covers the request in the present case.

The plaintiff characterizes the documents as "judicial records" and then cites cases involving the disclosure of exhibits or files presented in court proceedings. However, the case law makes a distinc-

tion between public access to materials submitted in open court and materials that are confidential and have not been submitted in open court. (See *United States v. Corbitt* (7th Cir. 1989), 879 F.2d 224, 228.) To the extent that any information requested by the plaintiffs was introduced into evidence in open court and is contained in a court file, the plaintiffs would be entitled to access to those documents through the circuit clerk's office. It is uncontroverted that the circuit clerk has not denied the plaintiff access to court files. While the plaintiff could access the documents through the circuit clerk's office provided the documents were in a court file, we note that those same documents in the hands of these particular defendants are specifically exempt from disclosure by statute. We are unable to hold that the defendants can waive the clear statutory requirement of confidentiality by their actions of previously disclosing the information in a court proceeding under court order. The plaintiff also cites *People ex rel. Gibson v. Peller* (1962), 34 Ill. App. 2d 372, a case involving the right to inspect school records prior to the passage of the Information Act. There, the court simply held that in the absence of a controlling statute the common law allows for the inspection of public records. Here, the records in question were judicial records, and the case law provides that such records are subject to disclosure only to the extent that they have been introduced into evidence in court.

In *United States v. Corbitt* (7th Cir. 1989), 879 F.2d 224, the court held that the press did not have a first amendment or common-law right of access to presentence reports. We find that the information in the instant case regarding the pretrial monitoring system was similar to the presentence reports involved in *Corbitt*. Moreover, the present case can even be viewed as more compelling than *Corbitt* because the instant case is controlled by a statute which exempts the information from disclosure. Furthermore, the EMS program was admittedly an incarceration system. Thus, there is a possibility that information regarding the specialized techniques of the system would jeopardize the security of the system itself if disclosed. Accordingly, we hold that the plaintiff did not have a common-law or first amendment right to the documents.

Our resolution of the above issues makes it unnecessary for us to address the remaining issues raised by the parties because they have either been rendered moot by our decision or they are without merit.

For the foregoing reasons, we affirm the judgment of the circuit court of Lake County with respect to its finding that the Information Act did not apply. However, we reverse the portion of the court's

556

judgment requiring the defendants to produce or disclose any of its documents relating to the EMS program.

Affirmed in part; reversed in part.

McLAREN, P.J., and HUTCHINSON, J., concur.