# Illinois Official Reports

## Supreme Court

---

*Nelson v. Kendall County*, 2014 IL 116303

---

| | |
|---|---|
| Caption in Supreme Court: | LARRY NELSON *et al.*, Appellants, v. KENDALL COUNTY *et al.*, Appellees. |
| Docket No. | 116303 |
| Filed | May 22, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A state's attorney's office is a part of the executive branch which, as a public body as defined by the Freedom of Information Act, is subject to its disclosure requirements—claim of exemption as part of the judiciary rejected. |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Kendall County, the Hon. Marcy Buick, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Grant S. Wegner, R. Peter Grometer and Laura L. Malinowski, of Mahoney, Silverman & Cross, LLC, of Joliet, for appellants. |
| --- | --- |
| | Patrick Delfino, Lawrence M. Bauer, Charles M. Colburn, and Scott Jacobson, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, for appellee Kendall County. |
| | Eric Weis, State's Attorney, of Yorkville (Leslie J. Johnson, Assistant State's Attorney, of counsel), appellee. |
| | Donald M. Craven and Esther J. Seitz, of Donald M. Craven, P.C., of Springfield, for *amici curiae* Illinois Broadcasters Association *et al.* |
| | Lisa Madigan, Attorney General, of Springfield (Michael A. Scodro, Solicitor General, and Jane Elinor Notz, Deputy Solicitor General, of Chicago, of counsel), *amicus curiae*. |
| | Anita Alvarez, of Chicago, *et al.* (Paul A. Castiglione, Alan J. Spellberg and Jeffrey S. McCutchan, Assistant State's Attorneys, of counsel), *amici curiae*. |
| Justices | JUSTICE KARMEIER delivered the judgment of the court, with opinion. Chief Justice Garman and Justices Freeman, Thomas, Kilbride, Burke, and Theis concurred in the judgment and opinion. |

**OPINION**

¶ 1 The issue on this appeal is whether the office of the State's Attorney of Kendall County is exempt from the disclosure requirements of the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq*. (West 2010)) on the grounds that the State's Attorney's office is part of the judicial branch of Illinois government and therefore beyond the reach of the FOIA. The circuit court of Kendall County answered this question in the affirmative and, on that basis, dismissed two related causes of action brought by plaintiffs to compel disclosure of certain public records generated by personnel in the Kendall County State's Attorney's office. The appellate court affirmed. 2013 IL App (2d) 120635. We granted plaintiffs' petition for leave to appeal. Ill. S. Ct. R. 315 (eff. July 1, 2013). For the reasons that follow, we reverse and remand to the circuit court for further proceedings.

¶ 2                                            BACKGROUND

¶ 3        Larry Nelson is an employee of various media companies, including WSPY radio in Plano, Illinois. On September 2, 2010, he submitted a request to Kendall County under this state's Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2012)) on behalf of his employers to inspect and copy all emails and attachments sent and received by two county employees from January 1, 2010, to January 31, 2010, via "county email and or internet." The two employees in question, Michael Ready and Robert Dore, both worked as assistant State's Attorneys.

¶ 4        By letter dated October 4, 2010, Kendall County's Freedom of Information Officer advised Nelson that the records he requested "would be in the charge of the Office of the State's Attorney for Kendall County" and advised him to submit his FOIA request directly to that office. Contact information for the State's Attorney's office and its FOIA officers was included in the letter.

¶ 5        Nelson challenged how his request was being handled. In an Oct. 5, 2010, letter to Kendall County's FOIA officer, he charged that Kendall County Administrative Services was in possession of the documents he requested; that, by the State's Attorney's own admission, Kendall County's policies on "use of computers, email, and personal use of county property" had been violated by the State's Attorney's office; and in light of that violation it was inappropriate for Kendall County to refer Nelson to the State's Attorney's office. Nelson demanded that Kendall County comply with his FOIA request within 5 days of the original request and requested a waiver of all fees on the grounds that the information requested was for public dissemination.

¶ 6        On October 6, 2010, Kendall County's FOIA officer notified Nelson in writing that because there was "a need for consultation *** with another public body or among two or more components of a public body [which] have a substantial interest in the determination or in the subject matter of the request," Kendall County would be unable to respond to the request within the 5-day period and would, instead, respond on or before October 14th.

¶ 7        When no response was forthcoming, Nelson submitted a request for review to the Public Access Counselor in the Office of the Illinois Attorney General, a procedure authorized by section 9.5 of the FOIA (5 ILCS 140/9.5 (West 2012)). The Attorney General's office declined to take further action on the grounds that Nelson had previously submitted an identical request to the Kendall County State's Attorney's office; the State's Attorney's office had responded; and that although some information was denied in part on the grounds that it was exempt, the State's Attorney had received approval for that decision and Nelson had not asked the Attorney General to review it.

¶ 8        After the Attorney General declined to take action, Nelson filed an action in circuit court against Kendall County and its administrator, Jeff Wilkins, to compel release of the emails and attachments sent and received by Ready and Dore during the period specified in Nelson's FOIA request. The case was docketed as 10-MR-143. Kendall County and Wilkins moved to dismiss. Nelson thereupon filed an amended complaint which included as additional plaintiffs

his corporate employers, Nelson Multimedia, Inc.; WSPY AM, Inc.; WSPY, Inc.; and WSPY-TV, Inc. In addition, the Kendall County State's Attorney sought and was granted leave to intervene in the case.

¶ 9 The State's Attorney's office filed a motion to dismiss the case pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)) contending that none of the named plaintiffs in the amended complaint had standing to bring it. A separate motion to dismiss was brought by Jeff Wilkins. As grounds for his motion, Wilkins argued that none of the substantive allegations of the amended complaint were directed against him and that, in any case, he could not be held liable under the FOIA because the Act applies only to "public bodies" and does not extend to individuals like him who merely work for public bodies. In addition, a joint motion to dismiss was filed by Kendall County and Wilkins raising the same standing arguments asserted in the motion to dismiss filed by the State's Attorney.

¶ 10 In an order filed November 17, 2011, the circuit court granted Wilkins' motion to dismiss and dismissed him from the case. In a separate order filed the same day, it took under advisement the motions to dismiss for lack of standing asserted by Kendall County and the State's Attorney's office. Those motions were subsequently denied, and no further question regarding plaintiffs' standing has been raised.

¶ 11 While the litigation proceeded, Nelson submitted a new FOIA request to the State's Attorney's office seeking the same emails that were the subject of his request to Kendall County itself, plus emails from the same time period from two additional members of the State's Attorney's office, including the State's Attorney himself. The request excluded any emails the subject of which was "limited only to discussions with law enforcement personnel with relations to pending cases or investigations," or "limited only to discussions with defense counsel in pending cases," or "limited to correspondence with county board members or elected county officials."

¶ 12 Shortly after the State's Attorney's office received Nelson's request, it denied the request in its entirety on the grounds that State's Attorneys are part of the judicial branch of State government and, as such, are exempt from the provisions of the FOIA. The denial letter went on to state that this was the third request Nelson had made for the same documents; that despite the fact that it was exempt from the FOIA, and with certain redactions approved by the Attorney General's office, it had previously furnished over 1,000 pages of emails to him; that he had been given a detailed index of all records that could not be produced; and that if there was a particular email and/or attachment that he had not yet received and would like to review, he should please let the office know and it would determine whether it could be disclosed to him.

¶ 13 After receiving this response, Nelson filed a second FOIA action in circuit court, this one directed solely against the State's Attorney's office. It was docketed as 11-MR-146. The State's Attorney moved to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)). As grounds for that motion, the State's Attorney repeated his claim that his office was part of the judicial branch and, as such, was not subject to the FOIA's provisions. He further argued that notwithstanding the fact that his office was outside the reach of the Act, it had voluntarily produced approximately 2,700 pages of the requested emails to

- 4 -

him, withholding only documents the State's Attorney was ethically prohibited from disclosing, and the cause of action should therefore be dismissed as moot.

¶ 14 In response, Nelson contended that under Illinois law, the State's Attorney is an executive rather than a judicial officer; that the State's Attorney's office constitutes a public body within the meaning of the FOIA and is therefore subject to the Act's disclosure requirements; and that through its public pronouncements and staffing (it has three designated FOIA officers), the State's Attorney's office has acknowledged that it is subject to the provisions of the law and should be precluded from claiming otherwise here. Nelson further contended that his cause of action is not moot because, while some documents have been furnished, the State's Attorney has continued to withhold others without properly showing that they fall within one of the FOIA's narrow exemptions to disclosure.

¶ 15 At the same time the State's Attorney's office was seeking dismissal in the 11-MR-146 case, it filed a second motion to dismiss pursuant to section 2-619 in 10-MR-143, the still-pending Kendall County case where it appeared as an intervenor. The grounds for its motion in 10-MR-143 were the same as those asserted for dismissal in 11-MR-146, namely, that the State's Attorney's office belongs to the judicial branch and is therefore outside the reach of our state's FOIA and, in any case, that Nelson's claim for violation of the FOIA should be dismissed as moot.

¶ 16 Kendall County also filed a second motion to dismiss based on section 2-619 in 10-MR-143. In its motion, it asserted: (1) that it did not actually deny plaintiffs' FOIA request, but rather responded within the time and in the manner required by law; (2) that the records requested by plaintiffs were not Kendall County's so Kendall County cannot be said to have denied access to any of its records in violation of the law; and (3) that because the State's Attorney's office provided plaintiffs with approximately 2,700 pages of requested emails and only withheld documents it was ethically prohibited from disclosing, plaintiffs cannot establish that they were ever denied access to the records they sought.

¶ 17 On May 11, 2012, the circuit court filed separate written orders granting the motions to dismiss in both 10-MR-143 and 11-MR-146. As grounds for dismissing the cause of action against Kendall County in 10-MR-143, the court held that the records requested by plaintiffs were not, in fact, county records, but rather records of the State's Attorney's office, and that Kendall County could not be compelled to turn over the State's Attorney's records where the State's Attorney objected to their disclosure. With respect to dismissal of the causes of action against the State's Attorney's office, the court relied on the same reasoning in both 10-MR-143 and 11-MR-146: the State's Attorney's office belongs to the judicial branch of government and is therefore not subject to the provisions of the FOIA.

¶ 18 Nelson and the other plaintiffs appealed the judgments in both cases. On those appeals, which the appellate court consolidated, plaintiffs did not challenge the circuit court's determination that Kendall County could not be compelled to turn over emails generated by the State's Attorney's office. Their sole contention was that the circuit court erred in ruling that the State's Attorney's office was beyond the reach of the FOIA because it belongs to the judicial branch. 2013 IL App (2d) 120635, ¶ 8.

¶ 19    In addressing plaintiffs' argument, the appellate court considered as dispositive the fact that aspects of the office of State's Attorney were addressed in the judicial article of the Illinois Constitution (Ill. Const. 1970, art. VI). 2013 IL App (2d) 120635, ¶¶ 17-19. The appellate court purported to refrain from characterizing the office of State's Attorney as belonging to either the executive or the judicial branch, or from depicting the powers and functions of the State's Attorney as either executive or judicial. Based on the judicial article's references to the office, however, it believed it could not "infer a legislative intent to include State's Attorneys within the [FOIA's] definition of 'public body' absent a clear expression to that effect." *Id.* ¶¶ 21-22. Finding no such clear expression, it held that "the State's Attorney is not a 'public body' subject to the [FOIA]." It therefore affirmed the circuit court's judgments dismissing plaintiffs' claims under the Act. *Id.* ¶ 24.

¶ 20    Plaintiffs petitioned this court for leave to appeal (Ill. S. Ct. R. 315 (eff. July 1, 2013)), arguing that the circuit and appellate courts erred in concluding that State's Attorneys are not subject to the FOIA. We granted their petition. We also allowed the Illinois Broadcasters Association, the Illinois Press Association, the Better Government Association, and the Attorney General of Illinois to file friend of the court briefs in support of plaintiffs. Ill. S. Ct. R. 345 (eff. Sept. 20, 2010). In addition, we permitted the State's Attorneys of Cook and La Salle Counties and the Illinois State's Attorneys Association to file a friend of the court brief in support of Kendall County and the Kendall County State's Attorney. *Id.*

¶ 21                                          ANALYSIS

¶ 22    Whether the office of State's Attorney is a "public body" within the meaning of the FOIA is a matter of statutory construction. Statutory construction presents a question of law which we review *de novo*. *Roselle Police Pension Board v. Village of Roselle*, 232 Ill. 2d 546, 552 (2009). *De novo* review is also appropriate because plaintiffs' claims in these two consolidated cases were dismissed in the context of motions to dismiss filed under section 2-619 of the Code of Civil Procedure. *Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166, ¶ 23.

¶ 23    The principles governing our review are well established. When construing a statute, the cardinal rule, to which all other rules and canons are subordinate, is to ascertain and give effect to the true intent of the legislature. The best evidence of legislative intent is the language used in the statute itself, which must be given its plain, ordinary and popularly understood meaning. The statute should be evaluated as a whole, with each provision construed in connection with every other relevant section. If the language of the statute is clear, it must be given effect without resort to other interpretive aids. *People ex rel. Director of Corrections v. Booth*, 215 Ill. 2d 416, 423 (2005).

¶ 24    The FOIA provides "that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of this Act." 5 ILCS 140/1 (West 2010). The law explains that such access "is necessary to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being conducted in the public interest." *Id.* To this end, the law states that "[i]t is a fundamental obligation of government to operate openly

and provide public records as expediently and efficiently as possible in compliance with this Act." *Id.*

¶ 25　　The basic disclosure obligations governing governmental bodies are set forth in section 3 of the Act, which provides that "[e]ach public body shall make available to any person for inspection or copying all public records, except as otherwise provided in Section 7 of this Act." 5 ILCS 140/3(a) (West 2010). For purposes of the statute, "public records" means:

> "all records, reports, forms, writings, letters, memoranda, books, papers, maps, photographs, microfilms, cards, tapes, recordings, electronic data processing records, electronic communications, recorded information and all other documentary materials pertaining to the transaction of public business, regardless of physical form or characteristics, having been prepared by or for, or having been or being used by, received by, in the possession of, or under the control of any public body." 5 ILCS 140/2(c) (West 2010).

"Public body," in turn, is defined as:

> "all legislative, executive, administrative, or advisory bodies of the State, state universities and colleges, counties, townships, cities, villages, incorporated towns, school districts and all other municipal corporations, boards, bureaus, committees, or commissions of this State, any subsidiary bodies of any of the foregoing including but not limited to committees and subcommittees thereof, and a School Finance Authority created under Article 1E of the School Code." 5 ILCS 140/2(a) (West 2010).

¶ 26　　When assessing whether access to records should be permitted, the presumption is that all records in the custody or possession of a public body are open to inspection or copying. 5 ILCS 140/1.2 (West 2010); *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 462 (2003). Although there are exceptions to disclosure, "[r]estraints on access to information, to the extent permitted by [the FOIA], are limited exceptions to the principle that the people of this State have a right to full disclosure of information relating to the decisions, policies, procedures, rules, standards, and other aspects of government activity that affect the conduct of government and the lives of any or all of the people," and the provisions of the FOIA "shall be construed in accordance with this principle." 5 ILCS 140/1 (West 2010). This means that the exceptions to disclosure set forth in the Act are to be read narrowly (*Illinois Education Ass'n*, 204 Ill. 2d at 463), and "[a]ny public body that asserts that a record is exempt from disclosure has the burden of proving by clear and convincing evidence that it is exempt" (5 ILCS 140/1.2 (West 2010)).

¶ 27　　Throughout these proceedings, the State's Attorney's office of Kendall County has contended that it cannot be compelled to provide the documents sought by plaintiffs because it does not qualify as a "public body" within the meaning of the FOIA. Although the circuit and appellate courts were persuaded by this theory, we do not believe that it can be squared with the law. As we have just noted, section 2(a) of the Act specifically states that "public body" includes all executive bodies of the State. 5 ILCS 140/2(a) (West 2010). State's Attorneys exercise executive powers, and the office of State's Attorney is considered to be part of the executive branch of State government. *People ex rel. Daley v. Suria*, 112 Ill. 2d 26, 37 (1986); see *People ex rel. Madigan v. Snyder*, 208 Ill. 2d 457, 479 (2004); *In re Application of the*

*County Collector for Delinquent Taxes, for at Least Five Years Prior to 1987*, 155 Ill. 2d 520, 531 (1993); *Office of the Lake County State's Attorney v. Human Rights Comm'n*, 235 Ill. App. 3d 1036, 1041-42 (1992). This was well established at the time the General Assembly enacted Public Act 83-1013 (eff. July 1, 1984), creating the Freedom of Information Act. See *People ex rel. Daley v. Moran*, 94 Ill. 2d 41, 45 (1983); *People v. Thompson*, 88 Ill. App. 3d 375, 377 (1980); *People v. Vaughn*, 49 Ill. App. 3d 37, 39 (1977); *People v. Stinger*, 22 Ill. App. 3d 371, 373 (1974); *People v. Rotramel*, 5 Ill. App. 3d 196, 199 (1972); *People v. Baron*, 130 Ill. App. 2d 588, 591 (1970). We presume that the legislature acted with knowledge of this existing case law. *Hartney Fuel Oil Co. v. Hamer*, 2013 IL 115130, ¶ 25. Accordingly, because the office of State's Attorney is, and has long been recognized to be, an executive body of the State, we believe that the legislature intended for such offices to fall within the FOIA's definition of a "public body." 5 ILCS 140/2(a) (West 2010). As public bodies, State's Attorney's offices must make their public records available for inspection and copying as required by the Act. 5 ILCS 140/3(c) (West 2010). Nothing in the text of the statute supports a contrary interpretation.

¶ 28 That State's Attorneys' offices qualify as public bodies subject to the FOIA is no revelation to the Kendall County State's Attorney. Indeed, the materials before us show that the office had previously accepted and processed a FOIA request from Nelson, taking care to obtain review and approval from the Attorney General's office to withhold certain documents as exempt pursuant to the provisions of the law. For purposes of this litigation, however, it has taken the position that it should not be subject to the FOIA on the theory that State's Attorneys are actually part of the judicial branch. This theory is untenable.

¶ 29 It is true that our appellate court has held that because the FOIA does not include the judicial branch in its listing of public bodies, the judiciary is exempt from the statute's provisions. *Copley Press, Inc. v. Administrative Office of the Courts*, 271 Ill. App. 3d 548, 553-54 (1995). It is also the case that the exemption for the judicial branch has not been limited to actual courts. It has been extended to include court-affiliated entities which perform judicial functions, such as pretrial services (*id.*) and nonjudicial components of the judicial branch, such as the clerks of the courts (*Newman, Raiz & Shelmadine, LLC v. Brown*, 394 Ill. App. 3d 602, 606 (2009). There is no sense, however, in which State's Attorneys can be regarded as part of the judiciary or the judicial branch.

¶ 30 The only connection State's Attorneys have with the judiciary is that the method of their selection, the qualifications for the office, and the compensation they receive are addressed in the final section of the judicial article of the Illinois Constitution (Ill. Const. 1970, art. VI, § 19). We have held that inclusion of State's Attorneys in this part of the Constitution means that they are not subject to the particular provisions of the executive article of the Constitution (Ill. Const. 1970, art. V) governing changes in compensation. *Ingemunson v. Hedges*, 133 Ill. 2d 364, 370 (1990). We have never suggested, however, that the office of State's Attorney is in any way part of the judiciary.

¶ 31 To characterize it as such would be incompatible with the preceding 18 sections of the judicial article, which vest all judicial power "in a Supreme Court, an Appellate Court and Circuit Courts" (Ill. Const. 1970, art. VI, § 1) and set forth the organization, composition, jurisdiction, supervision and administration of those courts (Ill. Const. 1970, art. VI, §§ 2-18).

Such a characterization would also require that we jettison the substantial and well-established body of case law set forth earlier in this opinion which holds that State's Attorneys exercise executive powers, and that the office of State's Attorney is part of the executive branch of State government. This we will not do.

¶ 32   In affirming the dismissal of plaintiffs' actions on the theory that the State's Attorney's office was outside the reach of the FOIA, the appellate court in this case found significance in Public Act 96-900 (eff. May 28, 2010), which amended section 3 of the State's Attorneys Appellate Prosecutor's Act (725 ILCS 210/3 (West 2012)) to state that the office of the State's Attorneys Appellate Prosecutor was "a judicial agency of state government" rather than simply "an agency of state government" as it had previously been characterized. Putting aside the basic question of whether the General Assembly has the authority to expand the definition of the judiciary without contravening the provisions of the judicial article or violating principles of separation of powers, we believe that the appellate court's reliance on Public Act 96-900 was misplaced. That statute pertains solely to the agency governing appellate prosecutors. It has no bearing whatever on the legal status of the office of State's Attorney, nor does it purport to alter in any way the obligations of State's Attorneys under the FOIA, the statute before us here.

¶ 33   As we have explained, at the time the FOIA was enacted, as now, the case law consistently recognized that the office of State's Attorney was part of the executive branch of State government. Nothing in the text of the Act suggests that when the legislature imposed a duty of disclosure on executive bodies of State government, it meant anything other than the established and generally recognized meaning of that term, which included the office of State's Attorney. To reach a contrary conclusion based on unrelated legislation enacted over a quarter century later and involving a different governmental body has no support in established principles of statutory construction and is incompatible with the FOIA's presumption in favor of disclosure.

¶ 34                                                    CONCLUSION

¶ 35   The FOIA applies to the office of State's Attorney. Plaintiffs' actions against the Kendall County State's Attorney's office should not have been dismissed on the grounds that it does not. For the foregoing reasons, the judgment of the appellate court affirming dismissal of those actions is reversed, and this cause is remanded for further proceedings.

¶ 36   Reversed and remanded.